In the Matter of the Application of HERMAN B. BARUCH and Others, Copartners, Doing Business under the Firm Name and Style of H. HENTZ & Co., Petitioners, against STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent.

Supreme Court, Special Term, New York County, April 13, 1942.

*Bouvier & Beale [John S. V. Kilmartin of counsel], for the petitioners.*

*Jerome M. Hirsch [Mortimer M. Kassell and Paul Newman of counsel], for the respondent.*

SHIENTAG, J.   Motion to vacate subpœna *duces tecum* is denied.

As the result of an examination conducted by the field audit division of the department of taxation and finance of the 1937 and 1938 unincorporated business income tax returns filed by the petitioners herein, it was discovered that there was a large disparity between the gross income reported for personal income tax purposes and the gross income reported for unincorporated business income tax purposes.   The examiner of the department, therefore, requested the petitioners to submit schedules showing the basis upon which

the income was apportioned in and out of the State for purposes of the tax. This examination failed to satisfy the examiner that a proper return had been made, and accordingly he reviewed the 1936 unincorporated business income tax return filed by the petitioners on April 15, 1937. That return also showed a large disparity between the gross income reported for personal income tax and unincorporated business income tax purposes.

The examiner was not permitted to continue with his examination of the 1936 return. A subpœna *duces tecum* was accordingly issued by the State Tax Commission on January 29, 1942, addressed to the petitioners. It is this subpœna which the petitioners seek to vacate and set aside, claiming that an audit of the 1936 return is barred by the relevant tax statutes.

Subdivision 1 of section 373 of the Tax Law, made applicable to the unincorporated business income tax by section 386-j of that law, provides, in part: " * * * Except as hereinafter provided in this subdivision, the amount of tax due under any return shall be determined by the tax commission within three years after the return was made * * *. Where there has been omitted from gross income or capital gain, as stated in a return, an amount which should have been included therein and which is in excess of twenty-five per centum of the amount of gross income or capital gain, as so stated, the amount of tax due may be determined within five years after the return is filed. * * * "

A consideration of this statute shows that the unincorporated business income tax return of petitioners for the year 1936 having been filed on April 15, 1937, the tax thereunder may be determined by the commissioner (1) within three years after such filing date, regardless of the amount omitted from gross income, and (2) within five years after such filing date if there has been omitted from gross income, as stated in such return, an amount which should have been included therein and which is in excess of twenty-five per cent of the amount of gross income as so stated.

The State Tax Commission is proceeding under the five-year provision of section 373 of the Tax Law, because it contends that an amount had been omitted from gross income which should have been included therein and which is in excess of twenty-five per cent of gross income as stated in the return. The return in question was filed on April 15, 1937. The instant proceeding was begun before the expiration of this five-year Statute of Limitations.

The petitioners contend, however, that the State Tax Commission must prove a violation of section 373 of the Tax Law before it may audit the books. This argument, obviously, is without merit. The commission cannot determine the proper

amount of tax due before it has made an audit of the books and records of the taxpayer.

In any event, sufficient facts have been ascertained by the commission and presented to the court to show that *prima facie* the taxpayer has omitted from gross income an amount in excess of twenty-five per cent of the amount reported. An audit of the incorporated business income tax returns filed by the petitioners herein discloses (1) that the petitioners had allocated to New York only fifteen per cent of the amount of commissions received for services performed in New York with respect to orders originating elsewhere; (2) that there was omitted from gross income, as stated in the return filed for 1937, an amount which should have been included and which was thirty-six per cent of the amount of gross income as so stated; (3) that there was omitted from gross income, as stated in the return for the year 1938, an amount which should have been included therein and which was forty per cent of the amount of gross income as so stated.

These facts, taken into consideration with an examination of the return of 1936, establish a sufficient basis for the assertion of a claim that the return for the year 1936 omitted from gross income an amount which should have been included therein and which is in excess of twenty-five per cent of the amount of gross income as so stated. Pursuant to the provisions of section 386-g of the Tax Law, the taxpayer, if his business is carried on both within and without the State, is required to apportion the net income so as to allocate to the State a fair and equitable proportion in accordance with approved methods of accounting. The State Tax Commission claims that the method of apportionment used by the petitioners did not allocate to New York a fair and equitable proportion of the commissions and other income received by the petitioners, and this contention is supported by the facts in the record.

The commission is within its rights in pursuing a further audit of the books of the petitioners.